UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MATTHEW J. SZULIK, et al.,

        Plaintiffs,

    v.

TAG VIRGIN ISLANDS, LLC, et al.,        12 Civ. 1827 (PKC)

        Defendants.

**DECLARATION OF BARRY FEINER IN SUPPORT OF MOTION TO STAY DISCOVERY**

_____

    Defendant Barry Feiner declares the following under penalty of perjury:

    1.  I am a Defendant in the within action.  I make this declaration under penalty of perjury.  The facts stated are stated on my own knowledge.  It is made in support of an application to the Court to stay discovery in this case until the pending motions to dismiss are determined by the Court.

    2.  I recognize that the Court, at least twice, has directed that discovery be commenced and has set a discovery cutoff date in December, 2012.  I am well aware of these rulings but wish the Court to reconsider in light of the following.  I am 78 years old.  My health is difficult as with anyone of advanced years.  I now have two different cancer conditions, which currently appear to be in remission, although I continue to work.  I am a lawyer practicing solo with no employees.  I work alone. I am admitted to practice in New York State and before this Court and

the Eastern District of New York.

3. The Second Amended Complaint ("SAC") alleges, as did the earlier pleadings, that I, acting as attorney for TAG VI, drafted and prepared most, if not all, of the contracts, notes, agreements, and other documents alleged in the SAC. Accordingly, I have large files of materials that have been accumulated over the years.

4. I have been served with two extensive requests for documents, one by Plaintiffs' counsel and one by counsel for Defendant Cornell. Each seeks a large number of categories of documents over an extensive period of time. Many categories require the production of large quantities of materials.

5. I am represented in this matter by counsel who similarly is a sole practitioner who practices without employees. I, unfortunately, lack the financial resources to hire a large firm with numbers of associates and paralegals to conduct the necessary document review or to hire employees of my own on a temporary or permanent basis to fill those functions. Further, of course, since I am a lawyer and since this action names me because I acted as a lawyer, I have the extremely serious issue of client confidences and privileges to consider and, in addition, I am required to defend any such asserted privilege. For this reason, I must personally review each page of the documents, whether on paper or on my computer before I may produce them. Even if I had the resources to employ sufficient help, I would

still have to review every page myself.  I could not simply turn my files over to counsel as a lay party may do and rely on counsel to conduct the review.  I have begun this effort and have spent entire days with my counsel working through paper files.  I have not completed that task and still must review my computer files, emails, etc. for material that may be required.  Once all those tasks are completed, the materials must be copied and numbered for actual production.  This, by its nature, will likely involve the use of an outside commercial service, which will cost an amount that I may not have the means to pay, at least for some time.  These efforts are ongoing.  At the same time, I must, in order to live and to meet my professional obligations to other clients, continue to work on other client matters.

      6. After a substantial number of files had been reviewed and many documents put aside as clearly privileged to TAG VI, m attorney and I were notified by Plaintiff's counsel that the Bankruptcy Trustee had purportedly waived any privilege belonging to TAG VI.  If this "waiver" is held by the Court to be valid, it will necessitate the review again of the materials previously put aside.  In addition, Defendant James Tagliaferri has asserted that he considered me as his lawyer as well so the question of his privilege also needs to be determined.  I cannot decide this issue on my own and thereby waive any privilege he may have. I am obligated to defend any client privileges to their fullest extent.

      7. In the event that the case is dismissed in its entirety, all of this time, effort

and resources will have been wasted, including the Court's time in adjudicating these privilege issues and a great deal of information turned over to persons not entitled to have it. While we have a confidentiality agreement in place, this only protects documents marked "confidential" leaving a great deal of material unprotected in the hands of adversaries for no legitimate purpose. If the claims against me are dismissed and those against other defendants left standing, the Plaintiffs may argue that the information can be subpoenaed from me in any event. While that is true, the costs of production can then be charged to the party seeking the materials making the entire process more feasible and, indeed, more possible.

8. For all of these reasons, I ask that the Court relieve me of the obligation to produce documents until after the motions to dismiss are determined.

I DECLARE THAT THE FOREGOING IS TRUE AND ACCURATE UNDER PENALTY OF PERJURY.

October 4, 2012

/S/_____
Barry Feiner