```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-13-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATTHEW J. SZULIK, et al.,

                          Plaintiffs,                    12 Civ. 1827 (PKC)

       -against-

                                                      MEMORANDUM AND ORDER

TAG VIRGIN ISLANDS, INC., et al.,

                          Defendants.
-----------------------------------------------------------x
CASTEL, District Judge:

        On April 4, 2012, shortly after the transfer of this action to this district, the law firm of Whiterman Osterman & Hanna LLP ("WOH") entered a notice of appearance for Patricia J. Cornell, a defendant in this action. With the discovery period soon set to expire, WOH now moves to withdraw as her counsel for non-payment of fees. The motion to withdraw is accompanied by a request that the Court stay the action for 60 days. Ms Cornell opposes the motion but urges that, if it is granted, the Court stay the action for 120 days.

        An attorney entering a notice of appearance for a client does so mindful of the provisions of Local Civil Rule 1.4 requiring the filing of a motion to withdraw and the demonstration of a "satisfactory reason" for withdrawal, "the posture of the case, including its position, if any, on the calendar. . . ." and whether a charging or retaining lien is asserted. The impact of withdrawal on the progress of the action is a relevant consideration in the exercise of discretion to grant or deny the motion. See Whiting v. Lacara, 187 F.2d 317 (2d Cir. 1999). WOH, who has been paid $291,987 in fees, has come forward with a declaration setting forth the fact of non-payment of fees which it is asserts is "well more than twice the total amount that Cornell has paid to WOH." (Gillis Decl. ¶25; emphasis in the original.) The declaration further recites the procedural posture in the case and states that WOH is not asserting a charging or

retaining lien and pledges its cooperation in any transition to new counsel. (Id. ¶¶ 2- 11, 27-29 & 36.)

Not all "satisfactory reasons" for withdrawal are of equivalent import or require the same immediacy of judicial action. Courts look to New York Rules of Professional Conduct for guidance on motions to withdraw. See Joseph Brenner Assocs. v. Starmaker Entertainment, Inc., 82 F.3d 55, 57 (2d Cir.1996). The Rules distinguish between permissive grounds for withdrawal and mandatory grounds, such as where the continuation of the representation would place the attorney in violation of the Rules. N.Y. Rules of Prof'l Conduct Rule 1.16(b). New York sets forth 13 permissive grounds on which withdrawal may be sought, covering a range of circumstances of varying import, including that "the client has used the lawyer's services to perpetrate a crime or fraud. . . ." NY Rules of Prof'l Conduct 1.16(c)(3). As a permissive listed ground for seeking withdrawal, WOH relies upon the following: "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Rule 1.16(c)(5), N.Y. Rules of Professional Conduct. On the record on this motion, there is no dispute, that despite efforts by WOH and Ms. Cornell at resolution, Ms. Cornell without justification has not satisfied her obligations to the law firm.

In exercising supervisory power over lawyers appearing before the Court and the discretion afforded by Local Civil Rule 1.4, the Court may take account of the immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system-- from the continuation of the representation. The immediacy and degree of harm may be weighed together with the impact that the grant of the motion to withdraw would have on the progress of the case. Here, the law firm maintains that it has represented Ms. Cornell for some months without satisfaction of arrears. No claim of a threat of immediate dissipation of assets is presented and

the Court concludes that the prejudice to the firm from continuing the representation for another 45 days or so is slight. The obligation of Ms. Cornell to pays fees in accordance with the terms of her agreement with the law firm would remain and further time charges and disbursements would continue to accrue. Ms. Cornell opposes the motion so there is no claim of prejudice to her from the firm's continuation.

Withdrawal at this critical juncture would have a severe impact on the progress of this securities fraud action. Fact discovery commenced over 16 months ago. The Third Amended Case Management Plan and Scheduling Order provides that fact discovery will now conclude on December 31, 2013. (Dkt. 186.) As is common, there is an accelerated level of effort by all parties to complete as the discovery period draws to a close. Schedules for depositions are already in place.

Considering all of the foregoing, the Court Orders as follows:

1. The motion to withdraw is granted effective December 31, 2013 or the close of fact discovery, whichever is later;

2. Ms. Cornell shall take immediate steps to either: (a) secure a lawyer admitted to practice in this Court to represent her; or (b) prepare to represent herself;[1]

3. The Court does not anticipate extending the date for completion of fact discovery but will extend the date for completion of expert discovery from January 31, 2014 to February 28, 2014 but does not anticipate further extension of this date; and

---

[1] Ms. Cornell, acting on her own behalf, has submitted a 19-page Memorandum of Law in opposition to the motion to withdraw, accompanied by a 44-paragraph declaration. A co-defendant has been self-represented throughout the proceedings in this Court.

4. All parties to the action, including Ms. Cornell, shall appear in person or by counsel at the status conference scheduled for January 17, 2014 at 11 a.m.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 13, 2013